CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 7 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

JAMES C. GREER, )
    Petitioner, )   **Civil Action No. 7:06CV00271**
)
v. )   **MEMORANDUM OPINION**
)
COUNTY OF PATRICK, )   **By: Hon. Glen E. Conrad**
    Respondent. )   **United States District Judge**

    The petitioner, James C. Greer, a state inmate proceeding pro se, filed this action as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. By order entered May 4, 2006, United States Magistrate Judge Michael F. Urbanski advised the petitioner that the motion should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, since the petitioner challenges the validity of his state conviction and sentence. The petitioner was advised that the court would so construe the motion absent his objection within ten business days from the entry of the order. The petitioner has filed a response to the Magistrate Judge's order, in which he argues that his claims should be considered under Rule 60(b). For the following reasons, the petitioner's motion must be denied.

    The petitioner is currently incarcerated at Wallens Ridge State Prison. In 1999, the petitioner was convicted of first degree murder in the Circuit Court for the County of Patrick. He was subsequently sentenced to life imprisonment. In his present motion, the petitioner asserts that he is entitled to relief under Rule 60(b), because the indictment in his criminal case was invalid and jurisdiction was not properly established. However, Rule 60(b) may only be used to challenge a federal civil judgment. It may not be used to challenge a federal or state criminal conviction. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) (holding that Rule 60(b) does not provide for relief from a criminal judgment); United States v. Mosavi,

138 F.3d 1365, 1366 (11th Cir. 1998) (same); <u>Kevilly v. New York</u>, 2006 U.S. Dist. LEXIS 18849 (March 2, 2006) (holding that Rule 60(b) does not provide relief from a state court judgment). Therefore, because Rule 60(b) is an inappropriate mechanism for challenging the validity of the petitioner's state conviction and sentence, the petitioner's motion must be denied.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 16th day of May, 2006.

_____
United States District Judge